# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYRA IVY,<br><br>   Plaintiff,<br><br>   v.<br><br>FRESNO POLICE DEPARTMENT,<br><br>   Defendant. | Case No. 1:23-cv-01072-ADA-SAB<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE A FIRST AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

**I.**

**INTRODUCTION**

Kyra Ivy ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action on July 18, 2023. (ECF No. 1.) Plaintiff did not initially submit an application to proceed *in forma pauperis*. The Court ordered Plaintiff to submit such application, and on August 1, 2023, the Court denied the application and ordered Plaintiff to submit a long form application. (ECF No. 6.) On August 10, 2023, Plaintiff filed another application to proceed *in forma pauperis*, and on August 11, 2023, the Court granted the application. (ECF Nos. 7, 8.)

Plaintiff's complaint, filed as a motion, is currently before the Court for screening. For the reasons explained herein, the Court finds Plaintiff's filing is improperly presented as a motion under the cited legal provisions therein, and finds the Plaintiff's action in this Court is likely subject to Younger abstention or the Rooker-Feldman doctrine. It appears Plaintiff's

1

proper course of action is to promptly pursue legal remedies in the state court system. Nonetheless, the Court shall grant Plaintiff leave to amend to clarify the filing in relation to potential ongoing or completed state court proceedings, and the opportunity to file an amended complaint rather than the procedurally improper motion Plaintiff filed. If Plaintiff does not file an amended complaint, the Court will recommend Plaintiff's filing be denied to the extent it is presented as a Federal Rule of Criminal Procedure 41(g) and 18 U.S.C. § 983 motion, and that the filing be dismissed for lack of jurisdiction and failure to state a cognizable claim, to the extent the filing is construed as a complaint.

## II.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## III.

## PLAINTIFF'S FILING

The Court accepts Plaintiff's allegations as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names the Defendant as Fresno Police Department Officers, however, the Court construes the filing as directed at the police department itself, as the Defendant is identified as the seizing agency.

The Plaintiff's filing is not presented as a complaint, but rather as a motion for the return of seized property, citing "US CODE 983 Rules POF Civil Procedures," and Rule 41(g). The next page of the filing is a picture or scan of a letter from the office of the County of Fresno's District Attorney, to an unspecified addressee, entitled "NOTICE OF FORFEITURE PROCEEDINGS." (ECF No. 1 at 3.) The letter is dated May 24, 2023.

The letter states that on October 10, 2020, at 5511 North Cedar Avenue, Fresno, California 93710, officers of the Fresno Police Department seized $26,000.00 in U.S. currency for forfeiture due to violations under the California Health and Safety Code. The letter notifies the recipient that pursuant to Section 11488.4(i) of the California Health and Safety Code, proceedings to forfeit the property were underway, and states that if the recipient has a legal

interest in the property, they must within thirty (30) days of receipt of the notice, file a verified claim with the Clerk of the Superior Court in Fresno, and serve an endorsed copy of the claim on the district attorney.

The letter specifies that if the recipient's claim is properly filed, the District Attorney will decide whether to file a petition for forfeiture with the Superior Court to contest the claim. The letter also specifies that if a petition is filed and a contested hearing is held, the recipient would have the following rights, including but not limited to: the right to testify, right to submit evidence showing the legitimacy of the seized assets, and a right to cross-examine the petitioner's witnesses. The letter states the proceeding is a civil action, and that "you have the additional right to represent yourself or hire your own attorney, and there is no right to appointed counsel in this case." Finally, the letter warns that if no claim is properly filed within the time allowed, the property would be ordered forfeited to the state to be disposed of according to law.

The next document attached to the Plaintiff's filing is a letter from Plaintiff to the Fresno District Attorney's office, dated May 29, 2023. (ECF No. 1 at 4.) The letter states in relevant part that "[t]o begin with, the property seized is clearly $35,000.00 US currency, and not $26,080.00 US currency as stated in the correspondence." (Id.) The letter states "[b]ecause the section referenced in the correspondence 1144.4(i) Health and Safety Code seems inapposite to the subject matter at issue, a response thereto, based upon the application of said section, is not required, and none will be offered at this time." (Id.) The letter also states: "Additionally, because of the date of the seizure October 10th, 2020, compared to the just now correspondence coming now some almost 3 years later, May 24th, 2023, a notice of a motion along with the motion itself, for the return of this property seized with interest pursuant to 18 USC sect 983 along with Rule 41(g) upon its endorsement will be forthcoming to this office through lawful services."

Plaintiff also provides a declaration section to the motion aspect of the filing. (ECF No. 1 at 6.) Plaintiff requests return of the property, declaring that: (1) on October 10, 2020, at 5511 N. Cedar Ave., Fresno, California, police arrived, and without incident, handcuffed an individual who was not inside Plaintiff's apartment; (2) after handcuffing this person, the police knocked on

1  Plaintiff's apartment, proceeding to enter without permission; (3) upon entry, police conducted a
2  search and found $35,000.00 in U.S. currency that Plaintiff had saved up from a business she
3  used to a run an LLC legal outset; (4) without any question, the police took the money; (5)
4  Plaintiff was never shown a warrant for the entry, search, nor seizure; and (6) the funds were not
5  the proceeds of any illegal actions.  (Id.)

6  There is also a memorandum section of the filing/motion.  Plaintiff argues there exists no
7  legal nexus between the property seized and any illegal activity, and the property should thus be
8  returned.  (ECF No. 1 at 7.)  Plaintiff argues that absent strict compliance with the rules
9  governing seizure and forfeiture, the property should be returned pursuant to Section 983 and
10 Rule 41(g).  (Id.)  Plaintiff emphasizes that almost 3 years since the date of seizure has passed
11 with no forfeiture proceedings initiated, and based on that defect alone, Plaintiff is entitled to an
12 order returning the property, citing 18 U.S.C. § 983(a)(3)(A)-(B).  (ECF No. 1 at 7.)  Plaintiff
13 proffers that no forfeiture proceedings were initiated because the government cannot prove a
14 nexus between the property and any illegal activity.  Plaintiff argues that continuing to deprive
15 her of the property violates her Fourth, Fifth, and Eighth Amendment rights, and fundamental
16 due process.

**IV.**

**DISCUSSION**

19 Looking to Plaintiff's filings as a whole, it appears Plaintiff was directed or notified by
20 the Fresno District Attorney's office ("DA") to file a verified claim in state court within thirty
21 (30) days of receipt of the May 24, 2023, letter.  It appears Plaintiff thereafter issued a letter
22 directed at the DA on or about May 29, 2023.  Plaintiff does not expressly describe whether she
23 filed such letter with the state court in Fresno, nor whether she attempted to file a verified claim
24 with the state court.  Plaintiff does not describe what if any events have occurred in relation to
25 the DA and the superior court since her letter dated May 29, 2023.

26 Plaintiff filed this action principally presented as a motion pursuant to Federal Rule of
27 Criminal Procedure 41(g), and citing 18 U.S.C.§ 983.  First, Plaintiff's claims appear to be
28 subject to Younger abstention or the Rooker-Feldman doctrine.  See Elwood v. Drescher, 90 F.

1 App'x 501, 504 (9th Cir. 2004) ("While it is not entirely clear whether the matter handled by the
2 referee is ongoing or concluded, either way Skeba's rulings cannot be the subject of intervention
3 by a federal court under Rooker–Feldman and Younger."). Even if judicial proceedings had not
4 begun in the superior court because Plaintiff never filed a verified claim or the DA did not file a
5 petition with the superior court prior to the Plaintiff instituting this action, the Court further finds
6 Plaintiff's motion is improperly brought under Rule 41(g) and Section 983.

7 Whether Plaintiff did submit a claim in state court, or failed to do so, this Court finds the
8 filing presented as a motion is improper procedurally, and if a complaint, contains insufficient
9 facts for the Court to determine whether it properly has jurisdiction over any claims in light of
10 potentially ongoing or concluded state judicial forfeiture proceedings. Given the lack of
11 information before the Court and the form of Plaintiff's filing, the Court finds the most prudent
12 course is to notify Plaintiff of the following legal standards pertaining to her filing and that likely
13 demonstrate she should pursue potential legal remedies in state court. The Court shall also allow
14 Plaintiff an opportunity to file an amended complaint given the filing is presented as an improper
15 motion, and because the filing contains insufficient information in order for the Court to
16 determine whether it has jurisdiction or whether Plaintiff has stated a cognizable claim.

17  **A.   Younger Abstention**

18 If there are ongoing state court forfeiture proceedings, then Younger abstention would
19 likely apply. In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that under
20 principles of comity and federalism, a federal court should not interfere with ongoing state
21 criminal proceedings by granting injunctive or declaratory relief except under special
22 circumstances. Id. at 43-54. Younger abstention is required when: (1) state proceedings, judicial
23 in nature, are pending; (2) the state proceedings involve important state interests; and (3) the
24 state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex
25 County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges
26 of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies
27 throughout the appellate proceedings, requiring that state appellate review of a state court
28 judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223.

1 Although Younger dealt with a state court criminal prosecution, the doctrine is applicable to state 2 court civil proceedings. Moore v. Sims, 442 U.S. 415, 423 (1979) ("Th[e] policy was first 3 articulated with reference to state criminal proceedings, but as we recognized in Huffman v. 4 Pursue, Ltd., 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), the basic concern—that threat 5 to our federal system posed by displacement of state courts by those of the National 6 Government—is also fully applicable to civil proceedings in which important state interests are 7 involved.").

8 The Supreme Court has held that federal courts can abstain in cases that present a federal 9 constitutional issue, but which can be mooted or altered by a state court determination. Colorado 10 River Water Conservation Dist. v. United States, 424 U.S. 800, 813-14 (1976); County of 11 Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89 (1959); see also Quackenbush v. 12 Allstate Ins. Co., 517 U.S. 706, 716-17 (1996). In determining whether it should abstain, a 13 federal court should consider problems which can occur when two courts assume jurisdiction 14 over the same claim - the inconvenience of the federal forum, the avoidance of piecemeal 15 litigation, and the order in which the parties filed the state and federal proceedings. Colorado 16 River, 424 at 818-19.

17 In this instance, Plaintiff appears to be involved in an ongoing forfeiture proceeding in 18 the California court system. The letter issued to Plaintiff from the district attorney expressly 19 states that "proceedings to forfeit this property judicially are underway." (ECF No. 1 at 3.) 20 However, the letter does not appear to contain a superior court case number, but rather an 21 internal "DA" number for the Plaintiff to utilize in filing a verified claim to challenge the 22 potential forfeiture of the property. The Court was not able to locate and take judicial notice of 23 any ongoing petition for forfeiture relating to this property in the Fresno Superior Court. 24 Additionally, the letter states that "[i]f your claim is properly filed, the District Attorney will 25 decide whether to file a Petition for Forfeiture with the Superior Court to contest your claim." 26 (ECF No. 1 at 3.) Thus, it is unclear whether any proceedings had already been instituted in the 27 state court at the time the DA's letter was issued, or whether such proceedings would begin with 28 the filing of a verified claim, or petition thereafter.

1        To the extent the state judicial proceedings are pending, such fact would weigh in favor
2   of applying Younger abstention.  First, the Court finds the state proceedings would implicate
3   important state interests.  See Big Sky Sci. LLC v. Idaho State Police, No. 1:19-CV-00040-REB,
4   2019 WL 2613882, at *9 (D. Idaho Feb. 19, 2019) ("Here, the state interests at play in the state
5   court proceedings relate to the enforcement of Idaho's controlled substance laws, keeping in
6   mind that civil forfeiture statutes aid the enforcement of criminal laws."), rev'd sub nom. Big Sky
7   Sci. LLC v. Bennetts, 776 F. App'x 541 (9th Cir. 2019) ("We reverse the district court's decision
8   not to apply Younger abstention . . . based in part on (1) Defendants' counsels' representation at
9   oral argument that Idaho will immediately move to lift the stay in the in rem forfeiture action,
10  and (2) the assumption that, apart from any criminal proceedings, the Idaho District Court will
11  proceed expeditiously with the in rem action."); Fairfield Cmty. Clean Up Crew Inc v. Hale, 735
12  F. App'x 602, 605 (11th Cir. 2018) ("[T]he state-court civil-forfeiture action is the type of action
13  to which the Younger abstention principles generally apply."); In re Gov't Seizure of ICX
14  Tokens, No. CV121Y00065WJMSKC1, 2022 WL 292923, at *5 (D. Colo. Jan. 31, 2022)
15  ("Regarding the third factor, undoubtedly the state's interest in its forfeiture proceedings, which
16  are quasi-criminal in nature, implicates important state interests."); Jones v. Whittington, No.
17  CIV-11-0861-HE, 2013 WL 4501343, at *3 n.2 (W.D. Okla. Aug. 21, 2013) ("It appears the
18  pending forfeiture proceeding, while civil, may be viewed as 'in aid of' criminal statutes
19  addressing the same or similar conduct.").

20        The Court further finds the state proceedings would afford adequate opportunity to raise
21  the constitutional issue.  The Court finds no basis at this apparent stage of the forfeiture
22  proceedings with no indication the Plaintiff took the opportunity to file a claim with the superior
23  court, to conclude that the state proceedings do not afford such adequate opportunity.  See
24  Braddy v. Drug Enf't Agency, No. SACV171980SVWFFM, 2018 WL 1870402, at *3 (C.D. Cal.
25  Jan. 31, 2018) ("Plaintiff does allege that he received inadequate notice of the forfeiture
26  proceedings [where such allegations] would mean that the Court's equitable jurisdiction was not
27  precluded, because the adequate legal remedy normally offered by such proceedings was not
28  available to plaintiff." (citing United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003))).

1    Based on the facts contained in the complaint at the time of the filing, it would appear
2 Younger abstention would apply rather than the Rooker-Feldman doctrine.  See H.C. ex rel.
3 Gordon v. Koppel, 203 F.3d 610, 612–13 (9th Cir. 2000) ("Because we are not asked to review
4 the merits of a final state judgment, but rather to enjoin ongoing state proceedings, we conclude
5 that principles of abstention rather than Rooker–Feldman, govern this case.").  However again, it
6 is not clear what the precise procedural posture of the action is, and the Court below concludes
7 the Plaintiff should be granted an opportunity to file an amended complaint to clarify the claims
8 she is attempting to bring before the Court makes a dispositive recommendation.

### B.    Rooker-Feldman Doctrine

On the other hand, if for example, Plaintiff failed to file a claim in the state court and the state court issued an order in the forfeiture action relating to Plaintiff's non-challenge or non-appearance in the action, the Rooker-Feldman doctrine would likely apply.  The United States Supreme Court is the only federal court which has jurisdiction to hear a direct appeal from the final judgment of a state court.  Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003).  A party who is dissatisfied with the decision of a state court may seek reversal by appealing to a higher state court.  Id. at 1155.  If the party is dissatisfied with the decision of the highest state court, then he may seek reversal by appealing to the United States Supreme Court.  Id.

The Rooker-Feldman doctrine provides that the losing party in a state court action cannot bring "a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seek[] to vacate or set aside the judgment of that court" as this is a forbidden de facto appeal.  Noel, 341 F.3d at 1156.  The federal court must refuse to hear the de facto appeal and also must refuse to decide any issue that is "inextricably intertwined" with the issue resolved by the state court decision.  Id. at 1158.  "Simply stated, the Rooker–Feldman doctrine bars suits 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' "  Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Exxon Mobil Corp. v. Saudi Basic Indust. Corp., 544 U.S. 280, 284 (2005)).

While it is unclear what procedural stage any state court forfeiture action is currently at,

1  Plaintiff is informed that if the state court has issued a decision in the forfeiture action, such
2  decision would generally prevent this Court from having jurisdiction over the case. See Chess v.
3  Felker, No. 2:10-CV-1261 LKK KJN, 2011 WL 5526370, at *7 (E.D. Cal. Nov. 14, 2011)
4  ("Although plaintiff does not directly challenge the June 6, 2010 judgment of forfeiture by the
5  Lassen County Superior Court, his claims are inextricably intertwined with this judgment . . . .
6  [b]y challenging defendant Quezada's veracity, plaintiff takes issue with the state court judgment
7  of forfeiture. According to the Rooker—Feldman doctrine, therefore, this court lacks
8  jurisdiction over the claims against defendant Quezada."); Dunn v. Harris, No. C 11-3343 MEJ,
9  2011 WL 5080187, at *3 (N.D. Cal. Oct. 25, 2011) ("Plaintiff is effectively challenging the
10 outcome of the prior state court forfeiture proceedings . . . [and] [a]s a result, this cause of action
11 is barred by the Rooker–Feldman doctrine.") (citation omitted).

12      **C.    Plaintiff's "Motion" is Improperly Before This Court**

13          1.    <u>Applicable California Law</u>

14      The statutory procedures for forfeiture are set forth in sections 11488.4 and 11488.5 of
15 the California Health and Safety Code, which contemplate both judicial and nonjudicial
16 forfeiture. Ramirez v. Tulare Cnty. Dist. Attorney's Off., 9 Cal. App. 5th 911, 926, 215 Cal.
17 Rptr. 3d 512, 522 (2017). "Under section 11488.4, subdivision (a)(1), the Attorney General or
18 district attorney may initiate judicial forfeiture by filing a petition of forfeiture in the superior
19 court." Id. A person claiming an interest in the property that is the subject of judicial forfeiture
20 is entitled to a jury trial. Id. "The government bears the burden of proving the property is
21 subject to forfeiture." Id. (citing Cal. Health & Safety Code §§ 11488.4(i), 11488.5(c)-(f)).
22 "[F]or some types of property, if forfeiture is contested, a judgment of forfeiture cannot be
23 entered unless a defendant has been convicted of a related or underlying criminal offense." Id.
24 (citations omitted).

25      California law provides that: "if the Department of Justice or the local governmental
26 entity determines that the factual circumstances do warrant that the moneys . . . seized . . . come
27 within the provisions of subdivisions (a) to (g), inclusive, of Section 11470, and are not
28 automatically made forfeitable or subject to court order of forfeiture or destruction by another

provision of this chapter, the Attorney General or district attorney shall file a petition of forfeiture with the superior court of the county in which the defendant has been charged with the underlying criminal offense or in which the property subject to forfeiture has been seized . . ." Cal. Health & Safety Code § 11488.4(a)(1). "A petition of forfeiture under this subdivision shall be filed as soon as practicable, but in any case within one year of the seizure of the property which is subject to forfeiture, or as soon as practicable . . ." Cal. Health & Safety Code § 11488.4(a)(2). Under California law, "[i]It is well settled that statutes imposing forfeitures are disfavored and, thus, those statutes are to be strictly construed in favor of the persons against whom they are sought to be imposed." Ramirez, 9 Cal. App. 5th at 928 (citations omitted). While the Court makes no determination, it appears Plaintiff may ultimately be correct that the provision cited in the District Attorney's letter dated May 24, 2023, demonstrates the judicial forfeiture proceedings could be untimely instituted. However, there are insufficient facts for the Court to make such determination and it is not clear whether the Court may properly entertain this action at this stage of the proceedings in relation to potential ongoing or concluded state court proceedings.

 2. Plaintiff's Motion Brought Pursuant to Federal Law is Improperly Presented

Irrespective of the California law, Plaintiff's filing presented as a motion under Federal Rule of Criminal Procedure 41(g) is improper under such rule. Additionally, Plaintiff's reliance on 18 U.S.C. § 983 as a basis for her filing is also improper under the facts presented.

Given the facts underlying the Plaintiff's filing as presented, the Court finds Rule 41(g) is an improper method to move for the return of the property in this case, because it involves state forfeiture proceedings and no alleged involvement of federal law enforcement. Federal Rule of Criminal Procedure 41(g) allows for the following mechanism to move for the return of seized property:

> **g) Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect

11

access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). "Rule 41(g) 'clearly relates to federal searches leading to federal prosecutions and extends in its furthest reach to searches conducted by state law enforcement agencies with direct federal authorization.' " Braddy, 2018 WL 1870402, at *2–3 (quoting United States v. Huffhines, 986 F.2d 306, 308 (9th Cir. 1993)). "Therefore, if (1) a claimant's property was never in the possession or custody of the federal government; and (2) the federal government had limited to no involvement in the property's seizure, a claimant cannot seek the return of the property by means of a Rule 41(g) motion." Id.; United States v. Sperow, No. LACV1801186VAPCWX, 2018 WL 6174706, at *2 (C.D. Cal. Oct. 18, 2018) (same); see also Huffhines, 986 F.2d at 308 (under previous version of rule, finding that while appellee argued "the literal language of Rule 41 confers jurisdiction on the district court to order the return of property held in any search in the district regardless of federal participation," such argument was "a misreading of the rule [as it] clearly relates to federal searches leading to federal prosecutions and extends in its furthest reach to searches conducted by state law enforcement agencies with direct federal authorization."); United States v. Marshall, 338 F.3d 990, 995 (9th Cir. 2003) (under previous version of Rule, holding that "the SFPD was working *with* federal authorities, rather than *for* them [and] [b]ecause the vehicles were never in federal possession or control, and because the state was not acting under direct federal authorization, the district court did not err.") (emphasis in original).

Additionally, even if there were federal involvement, Plaintiff does not aver that the seizure proceedings are related to a criminal action against Plaintiff; Plaintiff was apparently notified of potential adequate legal remedies (the filing of a verified claim in the superior court); and Plaintiff does not specify whether she did file such claim. See Braddy, WL 1870402, at *3 ("the Court may conclude that the forfeiture proceedings to which plaintiff refers were civil or administrative in nature . . . [s]uch proceedings would ordinarily prevent plaintiff from availing himself of Rule 41(g)."); In re Seizure of 2015 Chevrolet Silverado, VIN 3GCPCREC4FG173943, License Plate No. 68914H2, No. 1:18-SW-00308-BAM, 2019 WL 2355605, at *2–3 (E.D. Cal. June 4, 2019) (citations omitted) ("Where, as here, there are no

1  criminal proceedings pending against the movant, the Court has discretion to hear a motion to
2  return property as a civil equitable proceeding governed by the Federal Rules of Civil Procedure,
3  even if styled as being pursuant to Federal Rule of Criminal Procedure 41 . . . [however,] civil
4  equitable relief under Rule 41(g) is not available where a claimant had an adequate remedy at
5  law to contest the seizure of his property . . . because the movant 'could have pursued the return
6  of his property in the context of a judicial or administrative forfeiture proceeding brought by the
7  seizing party.' "), aff'd sub nom. United States v. 2015 Chevrolet Silverado, Vehicle ID No.
8  3GCPCREC4FG173943, CA, License Plate 68914H2, 804 F. App'x 858 (9th Cir. 2020); In re
9  Seizure of One Blue Nissan Skyline Auto., No. 209CV06484FMCMLGX, 2009 WL 3488675, at
10 *1–2 (C.D. Cal. Oct. 21, 2009) (citations omitted) ("The Court has equitable jurisdiction to
11 entertain 41(g) motions in civil cases when no other remedy is available . . . [h]owever, equitable
12 jurisdiction is available only in the absence of an adequate legal remedy . . . [and] [t]he Ninth
13 Circuit has held that a Rule 41(g) motion is properly denied once a civil forfeiture action has
14 been filed."). Accordingly, the Plaintiff's filing, presented as a motion pursuant to Rule 41(g),
15 should be denied as presented.

16      Similarly, Plaintiff's reliance on Section 983 is also misplaced as there are no allegations
17 or indication that federal law enforcement or agencies were involved with the seizure, nor an
18 indication that the property was transferred to federal authorities.  Section 983 and related
19 statutes generally provide for forfeiture to the United States. See 18 U.S.C. § 981(a)(1) ("The
20 following property is subject to forfeiture to the United States . . . "); Bautista v. Mayorkas, No.
21 22CV1185-GPC(KSC), 2022 WL 17541022, at *3 (S.D. Cal. Dec. 8, 2022) ("In 2000, Congress
22 enacted the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983, which
23 amended the seizure and forfeiture of property used to facilitate criminal activity by the federal
24 government."); Omidi v. United States, 851 F.3d 859, 860 (9th Cir. 2017) ("Under CAFRA,
25 when the federal government seizes certain types of property, it must generally provide notice of
26 the seizure to interested parties as soon as practicable, but in no event later than 60 days after the
27 seizure occurs . . . [a]fter receiving notice, a person with an interest in the property may file a
28 claim with the relevant agency . . . [and] [u]pon receiving a claim, the government must file a

civil or criminal forfeiture action within 90 days, unless a court extends the deadline." (citing 18 U.S.C. § 983(a)(1)(A), (a)(2)(A), (a)(3)(A))).

In passing CAFRA, "Congress has attempted to create a single avenue for challenging a forfeiture of property seized by the federal government." Guzman v. United States, No. 05 CIV. 4902 (LBS), 2005 WL 2757544, at *1 (S.D.N.Y. Oct. 24, 2005). Section 983 describes its application to forfeiture "proceeding under a civil forfeiture statute," and expressly states that: "In this section, the term 'civil forfeiture statute'-- (1) means any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense." 18 U.S.C. § 983(i)(1); see also 28 U.S.C. § 2465(a) (providing for return of property "[u]pon the entry of a judgment for the claimant in any proceeding to condemn or forfeit property seized or arrested under any provision of Federal law . . . "). "If an individual seeks to 'set aside a declaration of forfeiture under a civil forfeiture statute,' 18 U.S.C. § 983 provides 'the exclusive remedy.' " United States v. Weimer, No. CRIM. A. 01-272-01, 2006 WL 562554, at *3 (E.D. Pa. Mar. 7, 2006) (quoting 18 U.S.C. § 983(e)(5)).

Section 983 only expressly applies to state or local seizures when the property is turned over to a federal law enforcement agency for forfeiture under federal law. See 18 U.S.C. § 983(a)(1)(A)(iv) ("In a case in which the property is seized by a State or local law enforcement agency and turned over to a Federal law enforcement agency for the purpose of forfeiture under Federal law, notice shall be sent not more than 90 days after the date of seizure by the State or local law enforcement agency."); Tillman v. United States, No. CIV.A.AW-08-3362, 2009 WL 2151201, at *3 (D. Md. July 14, 2009) ("The United States may seize property if 'the property was lawfully seized by a State or local law enforcement agency and transferred to a Federal agency[,]' [and] [a] federal agency may adopt property seized by another agency, including a state agency when related to illegal drug use or trafficking." (quoting 18 U.S.C. § 981(b)(2)(C))), aff'd, 390 F. App'x 224 (4th Cir. 2010); N. Carolina ex rel. Haywood v. Barrington, 256 F. Supp. 2d 452, 460 (M.D.N.C. 2003) ("Seizures of currency accomplished exclusively by state or local agencies may be adopted by the federal government where the conduct giving rise to the seizure is in violation of federal law and the currency is subject to forfeiture under federal law."): United

States v. Shigemura, 595 F. App'x 765, 768 (10th Cir. 2014) ("We accordingly agree with the district court that the ninety-day notice period applied because, as required for § 983(a)(1)(A)(iv) to apply, the property at issue in this appeal was seized by a state or local law enforcement agency and then turned over to a federal law enforcement agency for the purpose of forfeiture under federal law.").

One court has succinctly summarized the statutory scheme in relation to the ability of either a claimant, or the state or local government to use:

> None of these statutes provides a cause of action to a local governmental entity (e.g., the City or its police department) against the putative owner to enforce or uphold the federal forfeiture; nor do they provide a cause of action to the putative owner (e.g., Ms. Robinson) against the local governmental entity that originally seized her now-forfeited money and might later regain possession of some of it. Title 18 U.S.C. § 983 provides the general rules governing federal civil forfeiture proceedings and authorizes the United States to file civil actions in federal courts, but it does not authorize state or local authorities to file such an action. Section 981 establishes that the United States does not need a warrant to adopt funds lawfully seized by state and local law enforcement and transferred to the federal government, but it, too, does not create a cause of action for local governments. Title 21 U.S.C. § 881, the federal statute that authorizes forfeiture of certain drug proceeds to the United States, and 19 U.S.C. §§ 1602–1618, the customs laws which provide the procedural rules for such forfeitures, speak to the procedures the United States must follow when seeking forfeiture. The United States, though, is not a party to this action. Thus, none of these statutes give this Court jurisdiction over the dispute between the City and Ms. Robinson.

City of Concord, N.C. v. Robinson, 914 F. Supp. 2d 696, 712 (M.D.N.C. 2012). There are no allegations of any federal involvement, and thus no basis for the Plaintiff to utilize Section 983 against the local or state authorities.

Accordingly, the Court finds Plaintiff's filing presented as a motion under Federal Rule of Criminal Procedure 41(g) and 18 U.S.C. § 983, is improper under the facts presented, and subject to denial . The Court shall grant leave to amend, however, as presented, the Court would recommend the motion be denied to the extent it is brought pursuant to Rule 41(g) and Section 983.

### D. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely

1  given when justice so requires," because "the court must remain guided by the underlying
2  purpose of Rule 15 … to facilitate decisions on the merits, rather than on the pleadings or
3  technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and
4  internal quotation marks omitted).  Nevertheless, a district court need not grant leave to amend
5  where the amendment would unduly prejudice the opposing party, cause undue delay, or be
6  futile, or if the party seeking amendment has acted in bad faith. Leadsinger, Inc. v. BMG Music
7  Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).
8  "The decision of whether to grant leave to amend nevertheless remains within the discretion of
9  the district court." Id.

10  Although it appears Plaintiff's filing is improperly before this Court and that the
11  Plaintiff's proper course of action is to pursue remedies in state court, for the reasons explained
12  above, the Court shall grant Plaintiff leave to amend to clarify the filing before the Court makes
13  any dispositive recommendation. See Gunn v. Kalamazoo KVET, No. 1:10-CV-591, 2011 WL
14  529694, at *5 (W.D. Mich. Jan. 10, 2011) ("Based on the limited record in this action, the court
15  cannot determine procedural issues relevant to federal abstention: e.g., whether this was an
16  automatic forfeiture arising from a state agency proceeding; whether the forfeiture involved a
17  state judicial proceeding and/or a state court judgment; or whether plaintiff has recourse under
18  state law to appeal the forfeiture [and] [a] further twist to this controversy is the fact that plaintiff
19  filed this federal action on June 22, 2010, approximately one week *before* the administrative
20  forfeiture allegedly occurred under state law . . . [w]hile defendants desire to dismiss this action
21  for lack of jurisdiction, and/or because plaintiff's action may have been filed prematurely,
22  defendants offer no argument under the Younger doctrine, the Rooker–Feldman doctrine or any
23  other recognized theory of federal abstention."); Loch v. Watkins, 337 F.3d 574, 578 (6th Cir.
24  2003) ("[W]hen determining whether state court proceedings involving the plaintiffs are
25  pending, we look to see if the state court proceeding was pending at the time the federal
26  complaint was filed . . . Loch argues that the state court proceeding was not pending when she
27  filed her federal lawsuit because she filed her federal complaint four days before the state filed
28  its complaint seeking forfeiture [and] asserts that the state judicial proceedings had not been

16

1 initiated, so no ongoing proceeding would have given her opportunity to raise any constitutional
2 challenges in state court . . . [i]n Hicks v. Miranda, 422 U.S. 332, 349, 95 S.Ct. 2281, 45 L.Ed.2d
3 223 (1975), however, the Court held 'that where state criminal proceedings are begun against the
4 federal plaintiffs after the federal complaint is filed but before any proceedings of substance on
5 the merits have taken place in the federal court, the principles of Younger v. Harris should apply
6 in full force.' ") Scheffler v. City of Blaine, 821 F. App'x 653, 655 (8th Cir. 2020) ("The Rooker-
7 Feldman doctrine is confined to 'cases brought by state-court losers complaining of injuries
8 caused by state-court judgments rendered before the [federal] district court proceedings
9 commenced and inviting district court review and rejection of those judgments.' " (quoting
10 Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454
11 (2005))); Reyes v. U.S. Dep't of Just., No. 1:13-CV-545 AWI-BAM, 2013 WL 6912033, at *1–2
12 (E.D. Cal. Dec. 31, 2013) ("[S]ince the allegations in the complaint do not state the court's
13 jurisdiction and the status of any forfeiture action, the complaint will be dismissed with leave to
14 amend.").

## V.

## CONCLUSION AND ORDER

For the reasons explained herein, the Court finds Plaintiff's filing is improperly presented as a motion under Federal Rule of Criminal Procedure 41(g) and 18 U.S.C. § 983, and finds the Plaintiff's action in this Court is subject to Younger abstention or the Rooker-Feldman doctrine. **It appears Plaintiff's proper course of action is to first promptly pursue legal remedies in the Fresno County Superior Court.** Nonetheless, the Court shall grant Plaintiff leave to amend to clarify the filing in relation to potential ongoing or completed state court proceedings, and the opportunity to file an amended complaint rather than the procedurally improper motion Plaintiff filed. If Plaintiff does not file an amended complaint, the Court will recommend Plaintiff's filing be denied to the extent it is presented as a Federal Rule of Criminal Procedure 41(g) and 18 U.S.C. § 983 motion, and that the filing be dismissed for lack of jurisdiction and failure to state a cognizable claim, to the extent the filing is construed as a complaint.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

1  each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal,
2  556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to
3  raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations
4  omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated
5  claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no
6  "buckshot" complaints).

7  Plaintiff is advised that an amended complaint supersedes the original complaint.  Lacey
8  v. Maricopa Cnty., 693 F.3d 896, 927.  Therefore, Plaintiff's first amended complaint must be
9  "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.
10 Plaintiff's first amended complaint must be filed within thirty (30) days, and is subject to the
11 twenty-five (25) page limit set forth above.

12      Based on the foregoing, IT IS HEREBY ORDERED that:

13      1.  The Clerk of the Court shall send Plaintiff a civil rights complaint form;

14      2.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a
15          first amended complaint curing the deficiencies identified by the Court in this
16          order;

17      3.  The first amended complaint, including attachments, shall not exceed twenty-five
18          (25) pages in length; and

19      4.  <u>If Plaintiff fails to file a first amended complaint in compliance with this order,
20          the Court will recommend to the district judge that the filing presented as a
21          motion be denied, and that this action be dismissed, with prejudice, for failure to
22          obey a court order, failure to prosecute, and for failure to state a claim</u>.

IT IS SO ORDERED.

Dated:  **September 11, 2023**

UNITED STATES MAGISTRATE JUDGE