1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYRA IVY, | Case No. 1:23-cv-01072-ADA-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION WITHOUT PREJUDICE |
| v. | |
| FRESNO POLICE DEPARTMENT, | (ECF Nos. 1, 9, 10) |
| Defendant. | **OBJECTIONS DUE IN 14 DAYS** |

## I.

## BACKGROUND

Kyra Ivy ("Plaintiff"), proceeding *pro se*, filed this action on July 18, 2023.  (ECF No. 1.) Plaintiff did not initially submit an application to proceed *in forma pauperis*, and the Court ordered Plaintiff to submit such application.  On August 1, 2023, the Court denied the initially filed application and ordered Plaintiff to submit a long form application.  (ECF No. 6.)  On August 10, 2023, Plaintiff filed a long form application to proceed *in forma pauperis*, and on August 11, 2023, the Court granted the application.  (ECF Nos. 7, 8.)

On September 12, 2023, the Court issued a screening order granting Plaintiff leave to file an amended complaint.  (ECF No. 9.)  As discussed in greater detail below, the initial screening order was based in part on finding the Plaintiff's filing was presented as a motion improperly brought pursuant to Federal Rule of Criminal Procedure 41(g) and 18 U.S.C. § 983.  The Court

1  additionally found the action was likely subject to <u>Younger</u> abstention or the <u>Rooker-Feldman</u>

2  doctrine.  The Court notified Plaintiff that, based on the information presented to the Court, that

3  it appeared the proper course of action for her was to promptly pursue legal remedies in the state

4  court system in relation to the notice of forfeiture proceedings, and as Plaintiff was specifically

5  notified to do in the letter attached to her filing.

6         On September 26, 2023, Plaintiff filed a first amended complaint, which is currently

7  before the Court for screening.  (ECF No. 10.)  For the reasons explained below, based on the

8  filings before the Court, the Court finds, in accord with the previous screening order, Plaintiff's

9  action in this Court is either likely subject to <u>Younger</u> abstention (or less likely the <u>Rooker-</u>

10 <u>Feldman</u> doctrine); that to the extent Plaintiff moves pursuant to Federal Rule of Criminal

11 Procedure 41(g) and 18 U.S.C. § 983, the motions are improper; that Plaintiff should pursue or

12 complete available or ongoing legal remedies in the state court system; that Plaintiff has failed to

13 state a cognizable claim; and recommends this action be dismissed without prejudice.

**II.**

**SCREENING REQUIREMENT**

16        Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court

17 determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which

18 relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

19 such relief."  28 U.S.C. § 1915(e)(2); <u>see</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000)

20 (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners);

21 <u>Calhoun v. Stahl</u>, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis*

22 proceedings which seek monetary relief from immune defendants); <u>Cato v. United States</u>, 70

23 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis*

24 complaint under 28 U.S.C. § 1915(e)); <u>Barren v. Harrington</u>, 152 F.3d 1193 (9th Cir. 1998)

25 (affirming sua sponte dismissal for failure to state a claim).  The Court exercises its discretion to

26 screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii)

27 fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

28 defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

1    In determining whether a complaint fails to state a claim, the Court uses the same
2    pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a
3    short and plain statement of the claim showing that the pleader is entitled to relief . . ."  Fed. R.
4    Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the
5    elements of a cause of action, supported by mere conclusory statements, do not suffice."
6    Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.
7    544, 555 (2007)).

8    In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and
9    accept as true all factual allegations contained in the complaint.  Erickson v. Pardus, 551 U.S. 89,
10   94 (2007).  Although a court must accept as true all factual allegations contained in a complaint,
11   a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 556 U.S. at 678.  "[A]
12   complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops
13   short of the line between possibility and plausibility of entitlement to relief.' "  Id. (quoting
14   Twombly, 550 U.S. at 557).  Therefore, the complaint must contain sufficient factual content for
15   the court to draw the reasonable conclusion that the defendant is liable for the misconduct
16   alleged.  Iqbal, 556 U.S. at 678.

17                                         **III.**

18                               **PLAINTIFF'S FILINGS**

19   The Court accepts Plaintiff's allegations as true *only* for the purpose of the *sua sponte*
20   screening requirement under 28 U.S.C. § 1915.

21   **A.      Plaintiff's Initial Filings (ECF No. 1)**

22   Plaintiff names the Defendant as Fresno Police Department Officers, however, the Court
23   construes the filing as directed at the police department itself, as the Defendant is identified as
24   the seizing agency.

25   The Plaintiff's filing is not presented as a complaint, but rather as a motion for the return
26   of seized property, citing "US CODE 983 Rules POF Civil Procedures," and Rule 41(g).  The
27   next page of the filing is a picture or scan of a letter from the office of the County of Fresno's
28   District  Attorney,  to  an  unspecified  addressee,  entitled  "NOTICE  OF  FORFEITURE

1   PROCEEDINGS." (ECF No. 1 at 3.) The letter is dated May 24, 2023.

2       The letter states that on October 10, 2020, at 5511 North Cedar Avenue, Fresno,

3   California 93710, officers of the Fresno Police Department seized $26,000.00 in U.S. currency

4   for forfeiture due to violations under the California Health and Safety Code. The letter notifies

5   the recipient that pursuant to Section 11488.4(i) of the California Health and Safety Code,

6   proceedings to forfeit the property were underway, and states that if the recipient has a legal

7   interest in the property, they must within thirty (30) days of receipt of the notice, file a verified

8   claim with the Clerk of the Superior Court in Fresno, and serve an endorsed copy of the claim on

9   the district attorney.

10      The letter specifies that if the recipient's claim is properly filed, the District Attorney will

11  decide whether to file a petition for forfeiture with the Superior Court to contest the claim. The

12  letter also specifies that if a petition is filed and a contested hearing is held, the recipient would

13  have the following rights, including but not limited to: the right to testify, right to submit

14  evidence showing the legitimacy of the seized assets, and a right to cross-examine the

15  petitioner's witnesses. The letter states the proceeding is a civil action, and that "you have the

16  additional right to represent yourself or hire your own attorney, and there is no right to appointed

17  counsel in this case." Finally, the letter warns that if no claim is properly filed within the time

18  allowed, the property would be ordered forfeited to the state to be disposed of according to law.

19      The next document attached to the Plaintiff's filing is a letter from Plaintiff to the Fresno

20  District Attorney's office, dated May 29, 2023. (ECF No. 1 at 4.) The letter states in relevant

21  part that "[t]o begin with, the property seized is clearly $35,000.00 US currency, and not

22  $26,080.00 US currency as stated in the correspondence." (Id.) The letter states "[b]ecause the

23  section referenced in the correspondence 1144.4(i) Health and Safety Code seems inapposite to

24  the subject matter at issue, a response thereto, based upon the application of said section, is not

25  required, and none will be offered at this time." (Id.) The letter also states: "Additionally,

26  because of the date of the seizure October 10th, 2020, compared to the just now correspondence

27  coming now some almost 3 years later, May 24th, 2023, a notice of a motion along with the

28  motion itself, for the return of this property seized with interest pursuant to 18 USC sect 983

4

along with Rule 41(g) upon its endorsement will be forthcoming to this office through lawful services."

Plaintiff also provides a declaration section to the motion aspect of the filing.  (ECF No. 1 at 6.)  Plaintiff requests return of the property, declaring that: (1) on October 10, 2020, at 5511 N. Cedar Ave., Fresno, California, police arrived, and without incident, handcuffed an individual who was not inside Plaintiff's apartment; (2) after handcuffing this person, the police knocked on Plaintiff's apartment, proceeding to enter without permission; (3) upon entry, police conducted a search and found $35,000.00 in U.S. currency that Plaintiff had saved up from a business she used to a run an LLC legal outset; (4) without any question, the police took the money; (5) Plaintiff was never shown a warrant for the entry, search, nor seizure; and (6) the funds were not the proceeds of any illegal actions.  (Id.)

There is also a memorandum section of the filing/motion.  Plaintiff argues there exists no legal nexus between the property seized and any illegal activity, and the property should thus be returned.  (ECF No. 1 at 7.)  Plaintiff argues that absent strict compliance with the rules governing seizure and forfeiture, the property should be returned pursuant to Section 983 and Rule 41(g).  (Id.)  Plaintiff emphasizes that almost 3 years since the date of seizure has passed with no forfeiture proceedings initiated, and based on that defect alone, Plaintiff is entitled to an order returning the property, citing 18 U.S.C. § 983(a)(3)(A)-(B).  (ECF No. 1 at 7.)  Plaintiff proffers that no forfeiture proceedings were initiated because the government cannot prove a nexus between the property and any illegal activity.  Plaintiff argues that continuing to deprive her of the property violates her Fourth, Fifth, and Eighth Amendment rights, and fundamental due process.

## B.    Plaintiff's First Amended Complaint Filings (ECF No. 10)

Following the Court['s initial screening order, Plaintiff filed a first amended complaint. (ECF No. 10.)  Plaintiff states the basis for federal question jurisdiction is the Fourth, Fifth, and Eighth Amendments to the United States Constitution.  (Id. at 4.)  The substance of the complaint is essentially contained in an attached declaration proffering similar information presented before, and Plaintiff again attaches the letter dated May 24, 2023.  (Id. at 7-8.)  The

1   declaration reiterates the summary of events that occurred on October 10, 2020.  (<u>Id.</u> at 7.)

2   Plaintiff states that from October 10, 2020, the date of the seizure, to May 24, 2023, Plaintiff was

3   not notified of the commencement of any forfeiture proceedings.  Plaintiff states that she

4   received the letter in May of 2023, but Plaintiff proffers that other than the DA number on the

5   letter, no case number or any other type of evidence was provided to support the fact any type of

6   forfeiture proceedings had commenced, notwithstanding the fact the notice stated such

7   proceedings were underway.

8        Plaintiff concludes that she "never received a copy of the supposedly procedure filed by

9   the writer which was said to have been underway since May 24th, 2023, and so there lkies [sic]

10  nothing to file any verified claim against."  (<u>Id.</u>)

11                                          **IV.**

12                                    **DISCUSSION**

13       Looking to Plaintiff's filings as a whole, it appears Plaintiff was directed or notified by

14  the Fresno District Attorney's office ("DA") to file a verified claim in state court within thirty

15  (30) days of receipt of the May 24, 2023, letter.  It appears Plaintiff thereafter issued a letter

16  directed at the DA on or about May 29, 2023.  As the Court noted in its initial screening order,

17  Plaintiff 's initial filing did not expressly describe whether she filed such letter with the state

18  court in Fresno, nor whether she attempted to file a verified claim with the state court; and did

19  not describe what if any events had occurred in relation to the DA and the superior court since

20  her letter dated May 29, 2023.  (ECF No. 9 at 5.)

21       The Court made the following statements in the initial screening order:

22            Plaintiff initially filed this action principally presented as a
            motion pursuant to Federal Rule of Criminal Procedure 41(g), and
23          citing 18 U.S.C.§ 983.  First, Plaintiff's claims appear to be subject
            to <u>Younger</u> abstention or the <u>Rooker-Feldman</u> doctrine.  <u>See</u>
24          <u>Elwood v. Drescher</u>, 90 F. App'x 501, 504 (9th Cir. 2004) ("While
            it is not entirely clear whether the matter handled by the referee is
25          ongoing or concluded, either way Skeba's rulings cannot be the
            subject of intervention by a federal court under <u>Rooker–Feldman</u>
26          and <u>Younger</u>.").  Even if judicial proceedings had not begun in the
            superior court because Plaintiff never filed a verified claim or the
27          DA did not file a petition with the superior court prior to the
            Plaintiff instituting this action, the Court further finds Plaintiff's
28          motion is improperly brought under Rule 41(g) and Section 983.

1

2          Whether Plaintiff did submit a claim in state court, or failed
           to do so, this Court finds the filing presented as a motion is
3          improper procedurally, and if a complaint, contains insufficient
           facts for the Court to determine whether it properly has jurisdiction
4          over any claims in light of potentially ongoing or concluded state
           judicial forfeiture proceedings.   Given the lack of information
5          before the Court and the form of Plaintiff's filing, the Court finds
           the most prudent course is to notify Plaintiff of the following legal
6          standards pertaining to her filing and that likely demonstrate she
           should pursue potential legal remedies in state court.   The Court
7          shall also allow Plaintiff an opportunity to file an amended
           complaint given the filing is presented as an improper motion, and
8          because the filing contains insufficient information in order for the
           Court to determine whether it has jurisdiction or whether Plaintiff
           has stated a cognizable claim.

9

10   (ECF No. 9 at 5-6.)

11       The only factual information emphasized in the first amended complaint is that no case

12   number or evidence were provided to support the fact of any forfeiture proceedings being

13   commenced, and Plaintiff never received a copy of forfeiture proceeding documents, and so

14   alleges there is likely nothing to file a verified claim against.  (ECF No. 10 at 7.)

15       Based on the filings and information proffered to the Court, the Court finds, in accord

16   with the previous screening order, Plaintiff's action in this Court is likely subject to Younger

17   abstention (or less likely the Rooker-Feldman doctrine); that otherwise, to the extent Plaintiff

18   moves pursuant to Federal Rule of Criminal Procedure 41(g) and 18 U.S.C. § 983, the motions

19   are improper; that principles underlying the abstention policy weigh toward requiring Plaintiff to

20   pursue or complete available legal remedies in the state court system; that Plaintiff has failed to

21   state a cognizable claim; and recommends this action be dismissed without prejudice.

22       A.    Younger Abstention

23       To the extent state court forfeiture proceedings have been implemented and are ongoing,

24   then Younger abstention would apply.  In Younger v. Harris, 401 U.S. 37 (1971), the Supreme

25   Court held that under principles of comity and federalism, a federal court should not interfere

26   with ongoing state criminal proceedings by granting injunctive or declaratory relief except under

27   special circumstances.  Id. at 43-54.  Younger abstention is required when: (1) state proceedings,

28   judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3)

1   the state proceedings afford adequate opportunity to raise the constitutional issue.  Middlesex

2   County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges

3   of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994).  The rationale of Younger applies

4   throughout the appellate proceedings, requiring that state appellate review of a state court

5   judgment be exhausted before federal court intervention is permitted.  Dubinka, 23 F.3d at 223.

6   Although Younger dealt with a state court criminal prosecution, the doctrine is applicable to state

7   court civil proceedings.   Moore v. Sims, 442 U.S. 415, 423 (1979) ("Th[e] policy was first

8   articulated with reference to state criminal proceedings, but as we recognized in Huffman v.

9   Pursue, Ltd., 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), the basic concern—that threat

10  to our federal system posed by displacement of state courts by those of the National

11  Government—is also fully applicable to civil proceedings in which important state interests are

12  involved.").

13       The Supreme Court has held that federal courts can abstain in cases that present a federal

14  constitutional issue, but which can be mooted or altered by a state court determination.  Colorado

15  River Water Conservation Dist. v. United States, 424 U.S. 800, 813-14 (1976); County of

16  Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89 (1959); see also Quackenbush v.

17  Allstate Ins. Co., 517 U.S. 706, 716-17 (1996).  In determining whether it should abstain, a

18  federal court should consider problems which can occur when two courts assume jurisdiction

19  over the same claim - the inconvenience of the federal forum, the avoidance of piecemeal

20  litigation, and the order in which the parties filed the state and federal proceedings.  Colorado

21  River, 424 at 818-19.

22       In this instance, Plaintiff appears to be involved in an ongoing forfeiture proceeding in

23  the California court system.  The letter issued to Plaintiff from the district attorney expressly

24  states that "proceedings to forfeit this property judicially are underway."  (ECF No. 1 at 3.)

25  However, the letter does not appear to contain a superior court case number, but rather an

26  internal "DA" number for the Plaintiff to utilize in filing a verified claim to challenge the

27  potential forfeiture of the property.  The Court was not able to locate and take judicial notice of

28  any ongoing petition for forfeiture relating to this property in the Fresno Superior Court.

8

Additionally, the letter states that "[i]f your claim is properly filed, the District Attorney will decide whether to file a Petition for Forfeiture with the Superior Court to contest your claim." (ECF No. 1 at 3.)   Thus, it is somewhat unclear whether any proceedings had already been instituted in the state court at the time the DA's letter was issued, or whether such proceedings would begin with the filing of a verified claim, or petition thereafter.

To the extent the state judicial proceedings are pending, such fact would weigh in favor of applying Younger abstention.  First, the Court finds the state proceedings would implicate important state interests.  See Big Sky Sci. LLC v. Idaho State Police, No. 1:19-CV-00040-REB, 2019 WL 2613882, at *9 (D. Idaho Feb. 19, 2019) ("Here, the state interests at play in the state court proceedings relate to the enforcement of Idaho's controlled substance laws, keeping in mind that civil forfeiture statutes aid the enforcement of criminal laws."), rev'd sub nom. Big Sky Sci. LLC v. Bennetts, 776 F. App'x 541 (9th Cir. 2019) ("We reverse the district court's decision not to apply Younger abstention . . . based in part on (1) Defendants' counsels' representation at oral argument that Idaho will immediately move to lift the stay in the in rem forfeiture action, and (2) the assumption that, apart from any criminal proceedings, the Idaho District Court will proceed expeditiously with the in rem action."); Fairfield Cmty. Clean Up Crew Inc v. Hale, 735 F. App'x 602, 605 (11th Cir. 2018) ("[T]he state-court civil-forfeiture action is the type of action to which the Younger abstention principles generally apply."); In re Gov't Seizure of ICX Tokens, No. CV121Y00065WJMSKC1, 2022 WL 292923, at *5 (D. Colo. Jan. 31, 2022) ("Regarding the third factor, undoubtedly the state's interest in its forfeiture proceedings, which are quasi-criminal in nature, implicates important state interests."); Jones v. Whittington, No. CIV-11-0861-HE, 2013 WL 4501343, at *3 n.2 (W.D. Okla. Aug. 21, 2013) ("It appears the pending forfeiture proceeding, while civil, may be viewed as 'in aid of' criminal statutes addressing the same or similar conduct.").

The Court further finds the state proceedings would afford adequate opportunity to raise the constitutional issue.  The Court finds no basis at this apparent stage of the forfeiture proceedings with no indication the Plaintiff took the opportunity to file a claim with the superior court, to conclude that the state proceedings do not afford such adequate opportunity.  See

1    Braddy v. Drug Enf't Agency, No. SACV171980SVWFFM, 2018 WL 1870402, at *3 (C.D. Cal.

2    Jan. 31, 2018) ("Plaintiff does allege that he received inadequate notice of the forfeiture

3    proceedings [where such allegations] would mean that the Court's equitable jurisdiction was not

4    precluded, because the adequate legal remedy normally offered by such proceedings was not

5    available to plaintiff." (citing United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003))).

6          Based on the facts contained in the complaint at the time of the filing, it would appear

7    Younger abstention would apply rather than the Rooker-Feldman doctrine.  See H.C. ex rel.

8    Gordon v. Koppel, 203 F.3d 610, 612–13 (9th Cir. 2000) ("Because we are not asked to review

9    the merits of a final state judgment, but rather to enjoin ongoing state proceedings, we conclude

10   that principles of abstention rather than Rooker–Feldman, govern this case.").

11         **B.     Rooker-Feldman Doctrine**

12         On the other hand, if for example, Plaintiff failed to file a claim in the state court and the

13   state court issued an order in the forfeiture action relating to Plaintiff's non-challenge or non-

14   appearance in the action, the Rooker-Feldman doctrine would likely apply.  The United States

15   Supreme Court is the only federal court which has jurisdiction to hear a direct appeal from the

16   final judgment of a state court.  Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003).  A party who

17   is dissatisfied with the decision of a state court may seek reversal by appealing to a higher state

18   court.  Id. at 1155.  If the party is dissatisfied with the decision of the highest state court, then he

19   may seek reversal by appealing to the United States Supreme Court.  Id.

20         The Rooker-Feldman doctrine provides that the losing party in a state court action cannot

21   bring "a suit in federal district court asserting as legal wrongs the allegedly erroneous legal

22   rulings of the state court and seek[] to vacate or set aside the judgment of that court" as this is a

23   forbidden de facto appeal.  Noel, 341 F.3d at 1156.  The federal court must refuse to hear the de

24   facto appeal and also must refuse to decide any issue that is "inextricably intertwined" with the

25   issue resolved by the state court decision.  Id. at 1158.  "Simply stated, the Rooker–Feldman

26   doctrine bars suits 'brought by state-court losers complaining of injuries caused by state-court

27   judgments rendered before the district court proceedings commenced and inviting district court

28   review and rejection of those judgments.' "  Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir.

1   2010) (quoting <u>Exxon Mobil Corp. v. Saudi Basic Indust. Corp.</u>, 544 U.S. 280, 284 (2005)).

2   While it is unclear what procedural stage any state court forfeiture action is currently at,

3   Plaintiff is informed that if the state court has issued a decision in the forfeiture action, such

4   decision would generally prevent this Court from having jurisdiction over the case.  <u>See</u> <u>Chess v.</u>

5   <u>Felker</u>, No. 2:10-CV-1261 LKK KJN, 2011 WL 5526370, at *7 (E.D. Cal. Nov. 14, 2011)

6   ("Although plaintiff does not directly challenge the June 6, 2010 judgment of forfeiture by the

7   Lassen County Superior Court, his claims are inextricably intertwined with this judgment . . . .

8   [b]y challenging defendant Quezada's veracity, plaintiff takes issue with the state court judgment

9   of forfeiture.   According to the <u>Rooker—Feldman</u> doctrine, therefore, this court lacks

10  jurisdiction over the claims against defendant Quezada."); <u>Dunn v. Harris</u>, No. C 11-3343 MEJ,

11  2011 WL 5080187, at *3 (N.D. Cal. Oct. 25, 2011) ("Plaintiff is effectively challenging the

12  outcome of the prior state court forfeiture proceedings . . . [and] [a]s a result, this cause of action

13  is barred by the <u>Rooker–Feldman</u> doctrine.") (citation omitted).

14  **C.    Plaintiff's "Motion" is Improperly Before This Court**

15  1.    <u>Applicable California Law</u>

16  The statutory procedures for forfeiture are set forth in sections 11488.4 and 11488.5 of

17  the California Health and Safety Code, which contemplate both judicial and nonjudicial

18  forfeiture.  <u>Ramirez v. Tulare Cnty. Dist. Attorney's Off.</u>, 9 Cal. App. 5th 911, 926, 215 Cal.

19  Rptr. 3d 512, 522 (2017).  "Under section 11488.4, subdivision (a)(1), the Attorney General or

20  district attorney may initiate judicial forfeiture by filing a petition of forfeiture in the superior

21  court." <u>Id.</u>  A person claiming an interest in the property that is the subject of judicial forfeiture

22  is entitled to a jury trial.  <u>Id.</u>  "The government bears the burden of proving the property is

23  subject to forfeiture."  <u>Id.</u> (citing Cal. Health & Safety Code §§ 11488.4(i), 11488.5(c)-(f)).

24  "[F]or some types of property, if forfeiture is contested, a judgment of forfeiture cannot be

25  entered unless a defendant has been convicted of a related or underlying criminal offense."  <u>Id.</u>

26  (citations omitted).

27  California law provides that: "if the Department of Justice or the local governmental

28  entity determines that the factual circumstances do warrant that the moneys . . .  seized . . . come

within the provisions of subdivisions (a) to (g), inclusive, of Section 11470, and are not automatically made forfeitable or subject to court order of forfeiture or destruction by another provision of this chapter, the Attorney General or district attorney shall file a petition of forfeiture with the superior court of the county in which the defendant has been charged with the underlying criminal offense or in which the property subject to forfeiture has been seized . . ." Cal. Health & Safety Code § 11488.4(a)(1).  "A petition of forfeiture under this subdivision shall be filed as soon as practicable, but in any case within one year of the seizure of the property which is subject to forfeiture, or as soon as practicable . . ."  Cal. Health & Safety Code § 11488.4(a)(2).  Under California law, "[i]It is well settled that statutes imposing forfeitures are disfavored and, thus, those statutes are to be strictly construed in favor of the persons against whom they are sought to be imposed."  Ramirez, 9 Cal. App. 5th at 928 (citations omitted). While the Court makes no determination, it appears Plaintiff may ultimately be correct that the provision cited in the District Attorney's letter dated May 24, 2023, demonstrates the judicial forfeiture proceedings could be untimely instituted.  However, there are insufficient facts for the Court to make such determination and it is not clear whether the Court may properly entertain this action at this stage of the proceedings in relation to potential ongoing or concluded state court proceedings.

> ### 2. Plaintiff's Motion Brought Pursuant to Federal Law is Improperly Presented

Irrespective of the California law, Plaintiff's filing presented as a motion under Federal Rule of Criminal Procedure 41(g) is improper under such rule.  Additionally, Plaintiff's reliance on 18 U.S.C. § 983 as a basis for her filing is also improper under the facts presented.

Given the facts underlying the Plaintiff's filing as presented, the Court finds Rule 41(g) is an improper method to move for the return of the property in this case, because it involves state forfeiture proceedings and no alleged involvement of federal law enforcement.  Federal Rule of Criminal Procedure 41(g) allows for the following mechanism to move for the return of seized property:

> **g) Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be

> filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).   "Rule 41(g) 'clearly relates to federal searches leading to federal prosecutions and extends in its furthest reach to searches conducted by state law enforcement agencies with direct federal authorization.' " Braddy, 2018 WL 1870402, at *2–3 (quoting United States v. Huffhines, 986 F.2d 306, 308 (9th Cir. 1993)).   "Therefore, if (1) a claimant's property was never in the possession or custody of the federal government; and (2) the federal government had limited to no involvement in the property's seizure, a claimant cannot seek the return of the property by means of a Rule 41(g) motion." Id.; United States v. Sperow, No. LACV1801186VAPCWX, 2018 WL 6174706, at *2 (C.D. Cal. Oct. 18, 2018) (same); see also Huffhines, 986 F.2d at 308 (under previous version of rule, finding that while appellee argued "the literal language of Rule 41 confers jurisdiction on the district court to order the return of property held in any search in the district regardless of federal participation," such argument was "a misreading of the rule [as it] clearly relates to federal searches leading to federal prosecutions and extends in its furthest reach to searches conducted by state law enforcement agencies with direct federal authorization."); United States v. Marshall, 338 F.3d 990, 995 (9th Cir. 2003) (under previous version of Rule, holding that "the SFPD was working *with* federal authorities, rather than *for* them [and] [b]ecause the vehicles were never in federal possession or control, and because the state was not acting under direct federal authorization, the district court did not err.") (emphasis in original).

Additionally, even if there were federal involvement, Plaintiff does not aver that the seizure proceedings are related to a criminal action against Plaintiff; Plaintiff was apparently notified of potential adequate legal remedies (the filing of a verified claim in the superior court); and Plaintiff does not specify whether she did file such claim. See Braddy, WL 1870402, at *3 ("the Court may conclude that the forfeiture proceedings to which plaintiff refers were civil or administrative in nature . . . [s]uch proceedings would ordinarily prevent plaintiff from availing

1   himself of Rule 41(g).”); In re Seizure of 2015 Chevrolet Silverado, VIN

2   3GCPCREC4FG173943, License Plate No. 68914H2, No. 1:18-SW-00308-BAM, 2019 WL

3   2355605, at *2–3 (E.D. Cal. June 4, 2019) (citations omitted) (“Where, as here, there are no

4   criminal proceedings pending against the movant, the Court has discretion to hear a motion to

5   return property as a civil equitable proceeding governed by the Federal Rules of Civil Procedure,

6   even if styled as being pursuant to Federal Rule of Criminal Procedure 41 . . . [however,] civil

7   equitable relief under Rule 41(g) is not available where a claimant had an adequate remedy at

8   law to contest the seizure of his property . . . because the movant ‘could have pursued the return

9   of his property in the context of a judicial or administrative forfeiture proceeding brought by the

10  seizing party.’ ”), aff'd sub nom. United States v. 2015 Chevrolet Silverado, Vehicle ID No.

11  3GCPCREC4FG173943, CA, License Plate 68914H2, 804 F. App’x 858 (9th Cir. 2020); In re

12  Seizure of One Blue Nissan Skyline Auto., No. 209CV06484FMCMLGX, 2009 WL 3488675, at

13  *1–2 (C.D. Cal. Oct. 21, 2009) (citations omitted) (“The Court has equitable jurisdiction to

14  entertain 41(g) motions in civil cases when no other remedy is available . . . [h]owever, equitable

15  jurisdiction is available only in the absence of an adequate legal remedy . . . [and] [t]he Ninth

16  Circuit has held that a Rule 41(g) motion is properly denied once a civil forfeiture action has

17  been filed.”).  Accordingly, the Plaintiff’s filing, presented as a motion pursuant to Rule 41(g),

18  should be denied as presented.

19         Similarly, Plaintiff’s reliance on Section 983 is also misplaced as there are no allegations

20  or indication that federal law enforcement or agencies were involved with the seizure, nor an

21  indication that the property was transferred to federal authorities.  Section 983 and related

22  statutes generally provide for forfeiture to the United States.  See 18 U.S.C. § 981(a)(1) (“The

23  following property is subject to forfeiture to the United States . . . ”); Bautista v. Mayorkas, No.

24  22CV1185-GPC(KSC), 2022 WL 17541022, at *3 (S.D. Cal. Dec. 8, 2022) (“In 2000, Congress

25  enacted the Civil Asset Forfeiture Reform Act of 2000 (“CAFRA”), 18 U.S.C. § 983, which

26  amended the seizure and forfeiture of property used to facilitate criminal activity by the federal

27  government.”); Omidi v. United States, 851 F.3d 859, 860 (9th Cir. 2017) (“Under CAFRA,

28  when the federal government seizes certain types of property, it must generally provide notice of

the seizure to interested parties as soon as practicable, but in no event later than 60 days after the seizure occurs . . . [a]fter receiving notice, a person with an interest in the property may file a claim with the relevant agency . . . [and] [u]pon receiving a claim, the government must file a civil or criminal forfeiture action within 90 days, unless a court extends the deadline." (citing 18 U.S.C. § 983(a)(1)(A), (a)(2)(A), (a)(3)(A))).

In passing CAFRA, "Congress has attempted to create a single avenue for challenging a forfeiture of property seized by the federal government." Guzman v. United States, No. 05 CIV. 4902 (LBS), 2005 WL 2757544, at *1 (S.D.N.Y. Oct. 24, 2005). Section 983 describes its application to forfeiture "proceeding under a civil forfeiture statute," and expressly states that: "In this section, the term 'civil forfeiture statute'-- (1) means any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense." 18 U.S.C. § 983(i)(1); see also 28 U.S.C. § 2465(a) (providing for return of property "[u]pon the entry of a judgment for the claimant in any proceeding to condemn or forfeit property seized or arrested under any provision of Federal law . . . "). "If an individual seeks to 'set aside a declaration of forfeiture under a civil forfeiture statute,' 18 U.S.C. § 983 provides 'the exclusive remedy.' " United States v. Weimer, No. CRIM. A. 01-272-01, 2006 WL 562554, at *3 (E.D. Pa. Mar. 7, 2006) (quoting 18 U.S.C. § 983(e)(5)).

Section 983 only expressly applies to state or local seizures when the property is turned over to a federal law enforcement agency for forfeiture under federal law. See 18 U.S.C. § 983(a)(1)(A)(iv) ("In a case in which the property is seized by a State or local law enforcement agency and turned over to a Federal law enforcement agency for the purpose of forfeiture under Federal law, notice shall be sent not more than 90 days after the date of seizure by the State or local law enforcement agency."); Tillman v. United States, No. CIV.A.AW-08-3362, 2009 WL 2151201, at *3 (D. Md. July 14, 2009) ("The United States may seize property if 'the property was lawfully seized by a State or local law enforcement agency and transferred to a Federal agency[,]' [and] [a] federal agency may adopt property seized by another agency, including a state agency when related to illegal drug use or trafficking." (quoting 18 U.S.C. § 981(b)(2)(C))), aff'd, 390 F. App'x 224 (4th Cir. 2010); N. Carolina ex rel. Haywood v. Barrington, 256 F. Supp.

2d 452, 460 (M.D.N.C. 2003) ("Seizures of currency accomplished exclusively by state or local agencies may be adopted by the federal government where the conduct giving rise to the seizure is in violation of federal law and the currency is subject to forfeiture under federal law."); United States v. Shigemura, 595 F. App'x 765, 768 (10th Cir. 2014) ("We accordingly agree with the district court that the ninety-day notice period applied because, as required for § 983(a)(1)(A)(iv) to apply, the property at issue in this appeal was seized by a state or local law enforcement agency and then turned over to a federal law enforcement agency for the purpose of forfeiture under federal law.").

One court has succinctly summarized the statutory scheme in relation to the ability of either a claimant, or the state or local government to use:

> None of these statutes provides a cause of action to a local governmental entity (e.g., the City or its police department) against the putative owner to enforce or uphold the federal forfeiture; nor do they provide a cause of action to the putative owner (e.g., Ms. Robinson) against the local governmental entity that originally seized her now-forfeited money and might later regain possession of some of it. Title 18 U.S.C. § 983 provides the general rules governing federal civil forfeiture proceedings and authorizes the United States to file civil actions in federal courts, but it does not authorize state or local authorities to file such an action. Section 981 establishes that the United States does not need a warrant to adopt funds lawfully seized by state and local law enforcement and transferred to the federal government, but it, too, does not create a cause of action for local governments. Title 21 U.S.C. § 881, the federal statute that authorizes forfeiture of certain drug proceeds to the United States, and 19 U.S.C. §§ 1602–1618, the customs laws which provide the procedural rules for such forfeitures, speak to the procedures the United States must follow when seeking forfeiture. The United States, though, is not a party to this action. Thus, none of these statutes give this Court jurisdiction over the dispute between the City and Ms. Robinson.

City of Concord, N.C. v. Robinson, 914 F. Supp. 2d 696, 712 (M.D.N.C. 2012). There are no allegations of any federal involvement, and thus no basis for the Plaintiff to utilize Section 983 against the local or state authorities.

Accordingly, the Court finds Plaintiff's filing presented as a motion under Federal Rule of Criminal Procedure 41(g) and 18 U.S.C. § 983, is improper under the facts presented, and subject to denial.

///

1  **D.      Leave to Amend**

2       Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely

3  given when justice so requires," because "the court must remain guided by the underlying

4  purpose of Rule 15 … to facilitate decisions on the merits, rather than on the pleadings or

5  technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and

6  internal quotation marks omitted).  Nevertheless, a district court need not grant leave to amend

7  where the amendment would unduly prejudice the opposing party, cause undue delay, or be

8  futile, or if the party seeking amendment has acted in bad faith.  Leadsinger, Inc. v. BMG Music

9  Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

10 "The decision of whether to grant leave to amend nevertheless remains within the discretion of

11 the district court." Id.

12      The Court previously granted leave to amend noting that "[a]lthough it appears Plaintiff's

13 filing is improperly before this Court and that the Plaintiff's proper course of action is to pursue

14 remedies in state court, for the reasons explained above, the Court shall grant Plaintiff leave to

15 amend to clarify the filing before the Court makes any dispositive recommendation." (ECF No.

16 9 at 16.)[1]  Based on all of the information before the Court, including Plaintiff's proffered

17

18 [1] In the screening order, the Court noted caselaw that demonstrated potential considerations relating to various types of forfeiture proceedings, and their status in relation to abstention. See Gunn v. Kalamazoo KVET, No. 1:10-CV-

19 591, 2011 WL 529694, at *5 (W.D. Mich. Jan. 10, 2011) ("Based on the limited record in this action, the court cannot determine procedural issues relevant to federal abstention: e.g., whether this was an automatic forfeiture

20 arising from a state agency proceeding; whether the forfeiture involved a state judicial proceeding and/or a state court judgment; or whether plaintiff has recourse under state law to appeal the forfeiture [and] [a] further twist to

21 this controversy is the fact that plaintiff filed this federal action on June 22, 2010, approximately one week *before* the administrative forfeiture allegedly occurred under state law . . . [w]hile defendants desire to dismiss this action

22 for lack of jurisdiction, and/or because plaintiff's action may have been filed prematurely, defendants offer no argument under the Younger doctrine, the Rooker–Feldman doctrine or any other recognized theory of federal

23 abstention."); Loch v. Watkins, 337 F.3d 574, 578 (6th Cir. 2003) ("[W]hen determining whether state court proceedings involving the plaintiffs are pending, we look to see if the state court proceeding was pending at the time

24 the federal complaint was filed . . . Loch argues that the state court proceeding was not pending when she filed her federal lawsuit because she filed her federal complaint four days before the state filed its complaint seeking

25 forfeiture [and] asserts that the state judicial proceedings had not been initiated, so no ongoing proceeding would have given her opportunity to raise any constitutional challenges in state court . . . [i]n Hicks v. Miranda, 422 U.S.

26 332, 349, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975), however, the Court held 'that where state criminal proceedings are begun against the federal plaintiffs after the federal complaint is filed but before any proceedings of substance on the

27 merits have taken place in the federal court, the principles of Younger v. Harris should apply in full force.' ") Scheffler v. City of Blaine, 821 F. App'x 653, 655 (8th Cir. 2020) ("The Rooker-Feldman doctrine is confined to

28 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments.' " (quoting Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)));

1 information in the first amended complaint, and the above legal standards, the Court finds this

2 action is properly dismissed under principles of abstention or the Rooker-Feldman doctrine; as

3 an improperly presented motion; for failure to state a cognizable claim; and because Plaintiff has

4 not pursued state legal remedies, which have not been demonstrated to be inadequate.

V.

**RECOMMENDATION**

7 Accordingly, for the above explained reasons, IT IS HEREBY RECOMMENDED that

8 1. This action be DISMISSED, without prejudice; and

9 2. The Clerk of the Court be DIRECTED to CLOSE this action.

10 These findings and recommendations are submitted to the District Judge assigned to this

11 action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within fourteen**

12 **(14) days** of service of this recommendation, Plaintiff may file written objections to these

13 findings and recommendations with the Court. Such a document should be captioned

14 "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will

15 review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. §

16 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may

17 result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014)

18 (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 30, 2023**

UNITED STATES MAGISTRATE JUDGE

---

Reyes v. U.S. Dep't of Just., No. 1:13-CV-545 AWI-BAM, 2013 WL 6912033, at *1–2 (E.D. Cal. Dec. 31, 2013) ("[S]ince the allegations in the complaint do not state the court's jurisdiction and the status of any forfeiture action, the complaint will be dismissed with leave to amend.").

18