UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYRA IVY,<br><br>        Plaintiff,<br><br>    v.<br><br>FRESNO POLICE DEPARTMENT OFFICERS,<br><br>        Defendant. | No. 1:23-cv-01072-KES-SAB<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION WITHOUT PREJUDICE<br><br>Doc. 11 |

Plaintiff Kyra Ivy, proceeding pro se and in forma pauperis, commenced this action on July 18, 2023. Doc. 1. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The assigned magistrate judge screened plaintiff's initial filing and found that plaintiff improperly attempted to bring a motion under Federal Rule of Criminal Procedure 41(g) and 18 U.S.C. § 983 to challenge the forfeiture of her funds by local law enforcement. Doc. 9. Based on the information provided, the magistrate judge found that the proper course of action was likely to pursue any remedy in state court regarding the state forfeiture matter but nonetheless granted plaintiff leave to file an amended complaint in the present case. *Id.*

1

On September 26, 2023, plaintiff filed a first amended complaint ("FAC"). Doc. 10. On October 30, 2023, the assigned magistrate judge issued findings and recommendations that recommended dismissal of the action without prejudice. Doc. 11. The magistrate judge found that plaintiff's suit was likely subject to *Younger* abstention and/or the *Rooker-Feldman* doctrine and that plaintiff failed to state a cognizable federal claim. *Id.* The magistrate judge recommended the action be dismissed without prejudice. *Id.*

The findings and recommendations were served on plaintiff and contained notice that any objections were to be filed within fourteen (14) days after service. *Id.* at 18. Plaintiff timely filed objections on November 8 and 9, 2023. Docs. 12, 13. Plaintiff essentially contends in her objections that her case should move forward because local authorities did not meet the statutory requirements under California law for forfeiture of her funds.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of this case. Having carefully reviewed the file, including plaintiff's objections, the Court adopts the findings and recommendations in part. The Court agrees with the findings and recommendations that this action must be dismissed but reaches that conclusion because plaintiff's asserted federal claim is time barred.[2]

---

[1] For judicial forfeiture proceedings, the Health and Safety Code requires that a petition of forfeiture must be filed in the superior court "as soon as practicable, but in any case within one year of the seizure of the property that is subject to forfeiture, or as soon as practicable, but in any case within one year of the filing by the Attorney General or district attorney of a lis pendens or other process against the property, whichever is earlier." Cal. Health & Safety Code § 11488.4(a)(2) (West 2024). "If no claims are timely filed, the Attorney General or district attorney shall prepare a written declaration of forfeiture of the subject property to the state and . . . shall provide a copy of the declaration of forfeiture to any person listed in the receipt given at the time of seizure and to any person personally served notice of the forfeiture proceedings." *Id.* § 11488.4(j)(5)(B).

[2] The Court need not address at length the findings and recommendations' analysis of *Younger* abstention or the *Rooker-Feldman* doctrine. The findings and recommendations acknowledged it was unclear whether state proceedings had been filed or were ongoing for purposes of *Younger* abstention, or whether the state court had rendered a forfeiture decision such that plaintiff's filing would implicate the *Rooker-Feldman* doctrine, *see* Doc. 11, and this Order accordingly does not rely on those doctrines.

The findings and recommendations also found that plaintiff's reliance on Federal Rule of Criminal Procedure 41(g) or 18 U.S.C. § 983 was improper and that plaintiff failed to state a claim for relief under these provisions. However, while plaintiff cited these provisions in her

2

The FAC states that plaintiff's claim is brought under the Fourth, Fifth, and Eighth Amendments against "Fresno County Police Department officers." Doc. 10. Plaintiff seeks the return of $35,000 she alleges defendants wrongfully seized from her on October 10, 2020. *Id.* at 6. She filed this action on July 18, 2023. Doc. 1. While the FAC does not cite 42 U.S.C. § 1983, under that statute plaintiff may bring a claim for relief for (1) a violation of rights protected by the Constitution or created by a federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). "[Section] 1983 'is not itself a source of substantive rights,' but merely provides a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (citations omitted).

Section 1983 claims are subject to the forum state's statute of limitations for personal injury claims. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) ("Section 1983 claims are characterized as personal injury suits for statute of limitations purposes."). Accordingly, federal civil rights claims arising in California are subject to California's statute of limitations period of two years for an "action for . . . injury to . . . an individual caused by the wrongful act or neglect of another." Cal. Civ. Proc. Code § 335.1.

Federal law determines when a section 1983 claim accrues and when the applicable limitations period begins to run. *Wallace*, 549 U.S. at 388. A cause of action accrues when a plaintiff "knows or has reason to know of the injury which is the basis of the action." *Morales v. City of Los Angeles*, 214 F.3d 1151, 1154 (9th Cir. 2000) (quotations and citations omitted). Generally, "federal law holds that a cause of action for illegal search and seizure accrues when the wrongful act occurs." *Belanus v. Clark*, 796 F.3d 1021, 1026 (9th Cir. 2015). In the FAC, plaintiff contends that on October 10, 2020, while she was home, Fresno police officers entered her apartment without permission and took $35,000.00 in cash from her without justification. Doc. 10 at 7. Thus, the FAC confirms that plaintiff had actual knowledge of her alleged constitutional injuries as of October 10, 2020. Plaintiff did not commence this suit until July 18,

---

initial filing, plaintiff's FAC does not mention either provision.

3

2023, well outside the two-year statute of limitations period.  *See* docket.

Plaintiff has not asserted any basis for equitable tolling.  "California allows equitable tolling of the statute of limitations when a plaintiff, possessing several legal remedies, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damages, thereby allowing the statutory period to run."  *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006) (internal punctuation omitted).  The focus is on "whether there was excusable delay by the plaintiff."  *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008).  For equitable tolling to apply, plaintiff must meet three conditions: (1) the defendant must have had timely notice of a claim; (2) the defendant must not be prejudiced by having to defend the otherwise barred claim; and (3) the plaintiff's conduct must have been reasonable and in good faith.  *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (citation omitted).  Here, the FAC reflects that plaintiff was aware as of October 10, 2020 of her alleged constitutional injuries but, nonetheless, waited nearly three years before filing this action.  *See Fink v. Ohannessian*, No. EDCV 21-01124-CAS (RAO), 2023 WL 4680782, at *6 (C.D. Cal. Apr. 27, 2023) (finding equitable tolling did not apply when claimant for seized property delayed legal action), *report and recommendation adopted* 2024 WL 621091 (E.D. Cal. Feb. 9, 2024).  Accordingly, plaintiff has not established any basis for equitable tolling and her federal claim is time barred.  This action must therefore be dismissed.

Accordingly,

1. The findings and recommendations issued on October 30, 2023, (Doc. 11), are adopted in part;

2. This action is DISMISSED without prejudice; and

3. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:   June 13, 2025

UNITED STATES DISTRICT JUDGE

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28